UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PERSICO CONTRACTING & TRUCKING
INCORPORATED,

                              Petitioner,                              08 Cv. 4080 (PAC)

    -against-

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY         ANSWER and
DISTRICT COUNCIL OF CARPENTERS WELFARE        COUNTERCLAIM
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY FUND,
and NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, by Michael J. Forde and
Paul O'Brien, As Trustees, the NEW YORK CITY AND
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, and Michael J. Forde, As Executive-
Secretary-Treasurer of the DISTRICT COUNCIL FOR NEW
YORK CITY AND VICINITY, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA,

                              Respondents.
------------------------------------------------------------------------X

       Respondents New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, and New York City District Council of Carpenters Charity Fund, by their Trustees Michael J. Forde and Paul O'Brien , and the New York City and

1

Vicinity Carpenters Labor-Management Corporation (collectively referred to as "the Benefit Funds"), and Michael J. Forde, As Executive-Secretary-Treasurer of the District Council for New York City And Vicinity, United Brotherhood of Carpenters and Joiners of America ("District Council"), as and for their answer to the Petition, by their attorneys, O'Dwyer & Bernstien, LLP, respectfully allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Petition.

2. Deny the allegations set forth in paragraph "2" of the Petition and aver that respondents include jointly administered, multi-employer, Taft-Hartley employee benefit plans administered by trustees designated by a union and by employers, established and maintained pursuant to §302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5) ("LMRA"), to which signatory employers including Petitioner remit fringe benefit contributions for all employees engaged in covered work as defined in applicable collective bargaining agreements.

3. Admit the allegations contained in paragraph "3" of the Petition, except deny this was the only or earliest collective bargaining agreement between Persico and the District Council.

4. Admit the allegations contained in paragraph "4" of the petition.

5. Admit the allegations of paragraph "5' of the Petition, except aver that Petitioner's failure to remit required fringe benefit contributions also violates, *inter alia*,

other contractual and statutory obligations including, but not limited to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1001, *et seq.*

      6.    Deny knowledge or information sufficient to form a belief as to the date of Petitioner's receipt of the notice of hearing as alleged in paragraph "6" of the Petition, except admit that it was duly issued by or on behalf of respondents.

      7.    Admit the allegation contained in paragraph "7' of the Petition, and deny that such information was necessary in said notice.

      8.    Admit the allegations contained in second paragraph "8" of the Petition, except deny the notice was served on April 3, 2008.

      9.    Deny knowledge or information sufficient to form a belief as to the date of Petitioner's receipt of the "amended Notice of Hearing", as alleged in paragraph "9' of the Petition, except admit that it was duly issued by the Arbitrator assigned to hear the matter.

      10.    Admit the allegations contained in paragraph "10" of the Petition, except deny that a new Notice to Appear was not issued by the Arbitrator.

      11.    Deny the allegations contained in the first denominated paragraph "12" of the Petition, except admit that documents were provided to Petitioner on or about March 12, 2008.

      12.    Deny the allegations contained in paragraph "11" of the Petition, which contains legal argument and characterizations of Petitioner's claims, to which no response is required.

13.     Deny the allegations contained in second denominated paragraph "12" of the Petition, which contains legal argument and characterizations of Petitioner's claims, to which no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14.     The Petition fails to state a claim.

## AS AND FOR A COUNTERCLAIM AGAINST PETITIONERS

15.     At all relevant times herein Persico has been signatory to collective bargaining agreements with the respondent District Council.

16.     Pursuant to applicable provisions of each of said collective bargaining agreements, among other documents, Persico agreed to submit all disputes for resolution in accordance with the grievance and arbitration procedures set forth therein, including, but not limited to, disputes concerning the required contributions to the Benefit Funds, and that the arbitrator had full and complete authority to decide all issues and that such arbitration award would be final and binding.

17.     Pursuant to applicable provisions of each of the collective bargaining agreements, Persico agreed to be bound by all the terms and conditions of the Agreements and Declarations of Trust creating the Benefit Funds.

18.     That the Benefit Funds have satisfied all the conditions for arbitration of a dispute with Persico and are entitled to an order compelling Persico to submit to arbitration.

WHEREFORE, respondents demand judgment against Petitioner,

(a) dismissing the Petition in its entirety:

(b) compelling Petitioner to submit to arbitration;

(c) awarding respondents attorneys' fees, costs and disbursements in connection with the defense of this action and the counterclaim to compel arbitration;

(d) such other and different relief as the Court deems proper and just.

Dated:   New York, New York
         May 6, 2008

        Yours, etc.,

        O'DWYER & BERNSTIEN, LLP

        /s/
By:  NICHOLAS HANLON (NH 0001)
     Attorneys for Respondents
     52 Duane Street, 5th Floor
     New York, New York 10007
     (212) 571-7100


TO:  Clifford H. Greene & Associates
     Attorney for Persico Contracting & Trucking Incorporated
     145 Huguenot Street, Suite 402
     New Rochelle, New York 10801
     (914) 738-5992